IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL PAUL STREETER, # 186425,   ) | |
| ) | |
| Petitioner,   ) | |
| ) | Civil Action No. |
| v.   ) | 2:20cv146-WHA-CSC |
| ) | (WO) |
| GWENDOLYN GIVENS, et al.,   ) | |
| ) | |
| Respondents.   ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is a petition for writ of habeas corpus under 28 U.S.C. § 2254 filed on February 24, 2020, by Michael Paul Streeter, an Alabama inmate proceeding pro se. Doc. 1.[1] Streeter challenges his Pike County murder conviction and his resulting sentence of life without parole. As discussed below, the court finds that Streeter's petition is time-barred under AEDPA's one-year statute of limitations, 28 U.S.C. § 2244(d).

### I.   BACKGROUND

**A.    State Court Proceedings**

*1.    Conviction and Direct Appeal*

In December 2007, a Pike County grand jury returned an indictment charging Streeter with murder in violation of ALA. CODE § 13A-6-2 for the shooting death of Joey

---

[1] References to documents filed in this case are designated as "Doc." All pinpoint citations refer to page numbers affixed electronically by the CM/ECF filing system and may not correspond to pagination on the copies as presented for filing.

Spikner. Doc. 7-1 at 30–31. Streeter's case came to trial in December 2008. The Alabama Court of Criminal Appeals briefly summarized the State's evidence:

> On the night of May 26, 2007, Streeter went to Brown's Lounge with Mack Kelley and Bernard Coleman. Brown's Lounge is located halfway between Troy and Brundidge on US Highway 231. After a verbal altercation, the bouncer escorted them out of the club. As they were exiting, a crowd gathered outside. Streeter had, on a previous occasion, problems with Clarence Potts, another patron in Brown's Lounge that night. Once outside, Streeter, Coleman, and Kelley got into their vehicle, a dark blue Crown Victoria, and turned it around in the parking lot. The driver of the car, Kelley, opened his door and fired one shot. After the first shot, Kelley's gun jammed. At that point, Streeter got out of the car, aimed his gun over the car, and fired six shots into the crowd gathered outside. The bullets were intended for Clarence Potts and Keithfus Hooks but missed their targets and instead struck and killed Joey Spikner. Senior State Medical Examiner Stephen Boudreau testified that Spikner bled to death as a result of a bullet hitting him in the lower right side of the abdomen.
>
> After shooting Spikner, Streeter, Kelley, and Coleman fled the scene and utilized back roads in an effort to avoid the police. While fleeing, Coleman threw his gun into some woods and Streeter threw his into a river. Both guns were later recovered and identified at trial.
>
> After disposing of the weapons, the three men went to the home of Reshanda Townsend, Streeter's girlfriend. Townsend loaned Coleman and Kelley her vehicle and allowed them to leave the Crown Victoria at her house. Streeter remained at her house that night but was arrested a few days later by a fugitive recovery team in Columbus, Georgia.

Doc. 7-9 at 1–2 (page references omitted).

On December 10, 2008, the jury returned a verdict finding Streeter guilty of murder as charged in the indictment. Doc. 7-6 at 114. On January 6, 2009, the trial court sentenced Streeter as a habitual felony offender to life imprisonment without the possibility of parole. *Id.* at 131.

Streeter appealed, arguing that (1) the trial court erred in denying his motion for judgment of acquittal; (2) the trial court erred in denying his motion for a new trial based on the State's alleged violation of *Giglio v. United States*, 405 U.S. 150 (1972), in failing to disclose a deal with one of its witnesses; (3) the trial court erred in denying his motion for a new trial based on newly discovered evidence in an affidavit from Rodney Williams stating Williams saw shots fired toward the car in which Streeter was riding; (4) the trial court erred in denying Streeter's motion for a mistrial based on the prosecutor's improper comment on his silence; (5) the trial court erred in failing to give his requested jury instructions on reckless murder and reckless endangerment; (6) Streeter's sentence was excessive in violation of the Eighth Amendment and was unduly influenced by the trial judge's personal feelings. Doc. 7-7.

On February 26, 2010, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming Streeter's conviction and sentence. Doc. 7-9. Streeter applied for rehearing, which was overruled. Docs. 7-10, 7-11. He then filed a petition for writ of certiorari with the Alabama Supreme Court, which that court denied on June 18, 2010. Docs. 7-12, 7-13. A certificate of judgment issued that same date.

### 2.   *Alabama Rule 32 Petition*

On April 27, 2012, Streeter filed a petition in the trial court seeking relief from his conviction and sentence under Rule 32 of the Alabama Rules of Criminal Procedure.[2] Doc.

---

[2] For the filing dates of Streeter's Rule 32 petition and his present habeas petition, the court follows the inmate "mailbox rule" of *Houston v. Lack*, 487 U.S. 266 (1988). Under the mailbox rule, a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *See*

3

7-17 at 15–27. Streeter filed amendments to his Rule 32 petition in February 2013, April 2013, July 2014, and November 2015. *Id*. at 33–48, 55–57, 95–105; Doc. 7-18 at 84–91. In his Rule 32 petition and amendments, Streeter alleged that his trial counsel was ineffective for several reasons, that a multitude of newly discovered material facts entitled him to a new trial, and that the trial court lacked jurisdiction to render judgment or to impose sentence for various reasons. At Streeter's request, the trial court appointed counsel to represent Streeter in the Rule 32 proceedings. Doc. 7-17 at 60. In August 2014 and December 2015, the State filed responses to Streeter's petition and amendments, arguing that his claims were precluded by Ala. R. Crim. P. 32.2(a)(3) and (a)(5), time-barred by Ala. R. Crim. P. 32.2(c), insufficiently pleaded, and/or meritless. Doc. 7-18 45–59, 137–41.

The trial court conducted evidentiary hearings on Streeter's Rule 32 petition and amendments on October 28, 2015 and February 25, 2016. Doc. 7-19 at 124–200; Doc. 7-20 at 1–36. On April 8, 2019, the trial court entered an order denying Streeter's Rule 32 petition, finding that his claims were precluded by Ala. R. Crim. P. 32.2(a)(5) and/or were meritless. Doc. 7-19 at 95–99. Streeter appealed, and his counsel on appeal filed a no-merit, "*Anders* brief"[3] stating he could find no meritorious issues for review. Doc. 7-21. Streeter was afforded an opportunity to submit pro se issues for appellate review, and he submitted

---

*Adams v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999); *Garvey v. Vaughn*, 93 F.2d 776, 780 (11th Cir. 1993). In this circuit, absent evidence to the contrary, courts will assume that a prisoner delivered a filing to prison officials on the date he represents that he signed it. *See United States v. Glover*, 686 F.3d 1203, 1205 (11th Cir. 2012).

[3] *Anders v. California*, 386 U.S. 738, 744 (1967).

claims that the trial court erred in denying his claims that his trial counsel was ineffective for (1) denying him his right to testify on his own behalf, and (2) not requesting a jury instruction on self-defense. Docs. 22, 23.

On October 18, 2019, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming the denial of Streeter's Rule 32 petition. Doc. 7-25. Streeter applied for rehearing, which was overruled. Docs. 7-26, 7-27. He then filed a petition for writ of certiorari with the Alabama Supreme Court, which that court denied on February 14, 2020. Docs. 7-28, 7-29. A certificate of judgment issued on that date.

**B.     Streeter's § 2254 Petition**

Streeter filed this § 2254 petition on February 24, 2020. Doc. 1. He asserts claims that his trial counsel was ineffective for failing to (1) move to dismiss the case because he was not represented by counsel at his initial appearance; (2) object to the trial court's failure to administer the oath to the jury; (3) allow him to testify; (4) seek an "intoxication jury instruction"; (5) object to the trial court's "improper jury instructions"; (6) verify affidavits in the motion for new trial; (7) object to application of Alabama's Habitual Felony Offender Act; (8) appear for jury selection (and instead sending substitute counsel); and (9) investigate witnesses helpful to his defense. Doc. 1 at 6. Streeter also claims that newly discovered evidence exists to justify federal habeas relief; i.e., that he learned (sometime in 2011) that a witness at codefendant Mack Kelley's January 2010 trial gave testimony that conflicted with a police officer's testimony at Streeter's trial regarding whether there was damage from a bullet to a vehicle parked near the vehicle Streeter was riding in when the incident occurred. *Id*. at 6–7.

Respondents have filed an answer arguing that Streeter's § 2254 petition is time-barred under AEDPA's one-year statute of limitations, 28 U.S.C. § 2244(d). Doc. 7. The undersigned agrees and, consequently, finds that Streeter's petition should be denied without an evidentiary hearing and that this case should be dismissed with prejudice.

## II.  ANALYSIS

**A.     AEDPA's One-Year Statute of Limitations**

Title 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides the statute of limitations for federal habeas petitions and states:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

**B.    Discussion of Timeliness of Streeter's § 2254 Petition**

   **1.    *Calculation of Statute of Limitations, § 2244(d)(1)(A)***

As a general rule, a petition for writ of habeas corpus under § 2254 must be filed within a year of the date on which the petitioner's judgment of conviction becomes final, either by the conclusion of direct review or by the expiration of the time for seeking direct review. *See* 28 U.S.C. § 2244(d)(1)(A); *Pugh v. Smith*, 465 F.3d 1295, 1298 (11th Cir. 2006). Here, after the Alabama Court of Criminal Appeals affirmed Streeter's conviction, Streeter sought rehearing in that court and then certiorari review in the Alabama Supreme Court. On June 18, 2010, the Alabama Supreme Court denied Streeter's petition for writ of certiorari, and a certificate of judgment issued on that same date. Doc. 7-13. Because Streeter sought certiorari review in Alabama's highest court, he was allowed 90 days after the state court's June 18, 2010 issuance of a certificate of judgment to seek certiorari review in the United States Supreme Court. *See Stafford v. Thompson*, 328 F.3d 1302, 1303 (11th Cir. 2003). Streeter filed no petition for writ of certiorari in the U.S. Supreme Court. Therefore, for purposes of AEDPA, his judgment of conviction became final (and the statute of limitations in § 2244(d)(1)(A) began to run) on September 16, 2010 (i.e., 90 days after June 18, 2010). Absent some tolling event, whether statutory or equitable, Streeter had one year, or until September 16, 2011, to file his § 2254 petition.

   **2.    *Statutory Tolling, § 2244(d)(2)***

Under 28 U.S.C. § 2244(d)(2), AEDPA's one-year limitation period is tolled during the pendency in the state courts of a properly filed state petition challenging the petitioner's

7

conviction and sentence. Streeter filed a Rule 32 petition in the state trial court on April 27, 2012. However, that Rule 32 petition and the related proceedings that followed were of no consequence for purposes of tolling under § 2244(d)(2) because AEDPA's statute of limitations ran unabated, without a tolling event, for one year after September 16, 2010, before expiring on September 16, 2011—over seven months before the Rule 32 petition was filed. "[O]nce a deadline has expired, there is nothing left to toll." *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004). "A state court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to federal habeas review. *Id.*; *see also Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001). Under 28 U.S.C. § 2244(d)(1)(A), Streeter had until September 16, 2011, to file his § 2254 petition. He filed his petition on February 24, 2020.

The alternative triggering provisions of 28 U.S.C. § 2244(d)(1)(B)–(D) provide no safe harbor for Streeter such that AEDPA's statute of limitations commenced on some date later than September 16, 2010, or expired on some date later than September 16, 2011. There is no evidence that an unlawful state action impeded Streeter from filing a timely § 2254 petition, *see* § 2244(d)(1)(B); Streeter presents no claim resting on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" *see* § 2244(d)(1)(C); and Streeter submits no ground for relief

with a factual predicate not discoverable earlier through exercising due diligence,[4] *see* § 2244(d)(1)(D).

Here, AEDPA's statute of limitations under § 2244(d)(1)(A) expired on September 16, 2011. Streeter filed his § 2254 petition on February 24, 2020. Therefore, his petition was not timely filed under the habeas statute.

### 3. *Equitable Tolling*

The AEDPA limitation period may be equitably tolled on grounds besides those in the habeas statute if a petitioner untimely files "because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). "[E]quitable tolling is an extraordinary remedy, . . . limited to rare and exceptional circumstances and typically applied sparingly." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009). The U.S. Supreme Court has held that a habeas petitioner is entitled to equitable tolling "only if he shows (1) that he has been

---

[4] The matter about which the witness at codefendant Mack Kelley's trial testified—the alleged bullet damage to a vehicle parked near the vehicle Streeter was riding in when the incident occurred—was discoverable with the exercise of due diligence prior to Streeter's own trial. At the latest, the factual predicate for Streeter's claim was discoverable with due diligence when Kelley's trial took place in January 2010. Even if Streeter's newly discovered evidence claim is governed by the limitation period in § 2244(1)(D)—and this court makes no such finding—it was not asserted within one year of Streeter's alleged discovery of its factual basis, according to Streeter sometime in 2011. Streeter first asserted the claim in a November 2015 amendment to his Alabama Rule 32 petition. And even if this claim is the sole claim that is timely raised in Streeter's § 2254 petition (and, again, this court does not find the claim to be timely), the claim is unexhausted and procedurally defaulted. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Georgalis v. Dixon*, 776 F.2d 261, 262 (11th Cir. 1985). Streeter did not pursue this claim in his appeal from the denial of his Rule 32 petition, and he doesn't present "cause" excusing this procedural default. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). Consequently, the claim is not subject to federal habeas review for this reason as well as because it is untimely under AEDPA's statute of limitations.

pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). "The petitioner bears the burden of showing that equitable tolling is warranted." *Hunter*, 587 F.3d at 1308.

Streeter argues he is entitled to equitable tolling because, he says, "he was allowed the application of the doctrine of equitable tolling by the trial court when it held a hearing on his Rule 32 petition." Doc. 9 at 2. However, the actions of the state postconviction court in holding evidentiary hearings on Streeter's Rule 32 petition in October 2015 and February 2016 do not constitute extraordinary circumstances warranting equitable tolling in Streeter's federal habeas case. Streeter makes no persuasive argument why the mere fact that evidentiary hearings were held on his Alabama Rule 32 petition warrants equitable tolling in his § 2254 case. As discussed above, AEDPA's statute of limitations had expired by the time Streeter filed his Rule 32 petition. Thus, events that occurred after Streeter filed his Rule 32 petition could not have caused his untimely filing of his § 2254 petition. Streeter, therefore, is not entitled to equitable tolling on this ground, and his § 2254 petition is time-barred under the AEDPA statute of limitations.

**C.     Actual Innocence**

The AEDPA statute of limitations can be overcome—opening the door to review of constitutional claims in an otherwise time-barred petition—by a credible showing of actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 393–94 (2013). Habeas petitioners asserting actual innocence as a gateway to review of time-barred claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have

10

found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995).[5] Streeter does not assert his actual innocence as a gateway to review the time-barred claims in his § 2254 petition, and he points to no new reliable evidence to sustain a claim of actual innocence under the *Schlup* standard. Because the actual-innocence exception does not apply, the claims in Streeter's untimely § 2254 petition are not subject to federal habeas review.

### III.  CONCLUSION

Accordingly, for the reasons stated, it is the RECOMMENDATION of the Magistrate Judge that Streeter's 28 U.S.C. § 2254 petition be DENIED as time-barred and that this case be DISMISSED with prejudice, because the petition was filed after expiration of the one-year limitation period in 28 U.S.C. § 2244(d).

It is further ORDERED that the parties shall file any objections to this Recommendation by **August 25, 2022**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written

---

[5] In *Schlup*, the Supreme Court stated:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324.

objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc*., 667 F.2d 33 (11th Cir. 1982*). See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

    DONE this 11th day of August, 2022.

                      /s/ Charles S. Coody
                      CHARLES S. COODY
                      UNITED STATES MAGISTRATE JUDGE