IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL PAUL STREETER, # 186425,  )<br>                                                              )<br>   Petitioner,                                    )<br>                                                              )<br>v.                                                          )<br>                                                              )<br>GWENDOLYN GIVENS, *et al.*,           )<br>                                                              )<br>   Respondents.                               ) | Civil Action No.<br>2:20-cv-146-WHA-CSC<br>(WO) |

## ORDER

This case is before the Court on the August 11, 2022 Recommendation of the Magistrate Judge (Doc. 10) and Petitioner Michael Paul Streeter's Objection thereto filed on August 23, 2022 (Doc. 12). Following an independent evaluation and *de novo* review of the file, the Court finds the Objection to be without merit and due to be overruled.

In his 28 U.S.C. § 2254 petition, which he filed on February 24, 2020, Streeter challenged his 2007 Pike County murder conviction, asserting various claims of ineffective assistance of counsel and a claim of newly discovered evidence he allegedly discovered in 2011. (Doc. 1.) The Magistrate Judge found that Streeter's § 2254 petition should be denied and dismissed with prejudice as time-barred under AEDPA's one-year statute of limitations, 28 U.S.C. § 2244(d). (Doc. 10.)

In pertinent part, the Magistrate Judge's Recommendation found that Streeter's first and only Alabama Rule 32 postconviction petition was filed on April 27, 2012—after the AEDPA statute of limitations had expired, meaning the Rule 32 petition did not toll the statute of limitations under 28 U.S.C. § 2244(d)(2). (Doc. 10 at 7–8.) In his Objection (Doc.

12 at 2), Streeter claims that the Magistrate Judge's Recommendation failed to consider an Alabama Rule 32 postconviction petition Streeter says he filed in the state trial court in June 2011, which, under § 2244(d)(2) would have tolled AEDPA's statute of limitations while proceedings related to that petition were pending in the state courts. Streeter contends that he is entitled to benefit from tolling from the June 2011 petition, so that his § 2254 petition should be considered timely filed under AEDPA's statute of limitations. (Doc. 12 at 2-5.)

With his Objection, Streeter attaches, as alleged evidence of an earlier filed Rule 32 petition, what he says was his inquiry to the Pike County Court Clerk, date-stamped June 16, 2011, in which Streeter asked the clerk to "immediately file my Rule 32 petition and send me a copy of it with date stamped on the front page showing when you received it in your office there." (Doc 12 at 8.)

However, there is no evidence in the record that any such Rule 32 petition was filed with the trial court, much less docketed. There is no evidence that Streeter paid a filing fee or properly applied for *in forma pauperis* status as to any Rule 32 petition filed with the trial court in June 2011. There is no evidence of any ruling by the trial court on an *in forma pauperis* application filed by Streeter in June 2011. And there is no evidence of any ruling by the trial court on any Rule 32 petition supposedly filed by Streeter in June 2011. Further,

in its memorandum opinion affirming the trial court's denial of the Rule 32 petition that Streeter filed on April 27, 2012, the Alabama Court of Criminal Appeals found that Streeter's first (and only) Rule 32 petition was filed in April 2012. (Doc. 7-5 at 2.) On the Rule 32 petition that Streeter filed on April 27, 2012, Streeter averred that he had filed no previous postconviction petitions in the trial court. (Doc. 7-17 at 17.)

To obtain tolling under 28 U.S.C. § 2244(d)(2), a Rule 32 petition must be "properly filed"; i.e., the petition must be accompanied by the filing fee or a properly filed *in forma pauperis* application (including the petitioner's prison account information). *See McCloud v. Hooks*, 560 F.3d 1223, 1227 (11th Cir. 2009) *Rogers v. State*, 2015 WL 7307229, at *3 (N.D. Ala. Aug. 11, 2015); *Phillips v. Culliver*, 2009 WL 3414280, *4 (S.D. Ala. 2009). Because there is no evidence that any petition Streeter may have filed in June 2011 constituted a "properly filed" Rule 32 petition, tolling under § 2244(d)(2) cannot apply to any such alleged filing. Thus, the first and only "properly filed" Rule 32 petition was filed by Streeter on April 27, 2012. Because that filing occurred after AEDPA's statute of limitations had expired, the Magistrate Judge correctly found that the filing did not toll the statute of limitations under § 2244(d)(2).

The Court therefore agrees with the findings and conclusions of the Magistrate Judge that Streeter's § 2254 petition is time-barred. For this reason, Streeter's Objection

(Doc. 12) is OVERRULED, the Court ADOPTS the Recommendation of the Magistrate Judge (Doc. 10), and it is hereby ORDERED that the petition for writ of habeas corpus under 28 U.S.C. § 2254 is DENIED and that this case be DISMISSED with prejudice.

DONE this 1st day of September, 2022.

    /s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE